IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Webb, | C/A No.: 0:11-3264-JFA-PJG |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Mildred Rivera, Warden, | |
| Respondent. | |

The petitioner, Andrew Webb ("Petitioner"), a self-represented federal prisoner, brings this action pursuant to 28 U.S.C. § 2241, seeking a reduction in his federal sentence. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at FCI-Estill, located in the state of South Carolina. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Petitioner was convicted by a jury on January 23, 2001 in the United States District Court for the Southern District of Georgia for conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base. Petitioner was sentenced to 264 months; however, after an amended judgment, he was re-sentenced to 360 months on March 14, 2002. He alleges he did not file a direct appeal.

The 360-month sentence was based upon a Pre-sentence Investigation Report ("PSR") which placed Petitioner's base offense level at 38. He received a total of 4 upward departures. Petitioner was also considered a career offender under U.S.S.G. § 4B1.1.

Petitioner's total offense level was 42 with a criminal history category of VI. Part of the final calculation resulted from an enhancement under 21 U.S.C. § 851 for prior Georgia convictions.

The Government filed two Rule 35(b) motions—the first one in January 2003—and Petitioner's sentence was reduced, first to 264 months, and, after the second motion, to 228 months.

Petitioner filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(C)(2) asserting he was entitled to a two-level reduction in his guideline sentence. His motion was denied on May 15, 2008. He claims that a motion under 28 U.S.C. § 2255 is inadequate or ineffective to challenge his sentence because the time for filing such a motion has expired.

As a result, Petitioner now files this Section 2241 Petition asking to be re-sentenced. Petitioner believes his term of imprisonment was improperly enhanced by prior Georgia convictions. Specifically, Petitioner alleges he received one criminal history point for a Georgia conviction even though his sentence was 5 years' probation, and another criminal history point for another Georgia conviction for which he received 10 years' probation. Neither state conviction carried a jail term. He relies upon the holdings in <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2577 (2010), and <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (*en banc*), in support of this allegation. Petitioner argues those cases held that prior state convictions must be for a crime punishable by more than one year's imprisonment, and that a defendant must have actually received a punishment of more than one year. Petitioner maintains that neither one of the challenged state court convictions meets those requirements.

Based on these arguments, Petitioner believes his criminal history category should be III. He further states his revised sentence of 228 months places him at a base offense level of 31. With a criminal history category of III, Petitioner's new sentencing range would be from 135 to 168 months. He asks to be re-sentenced, with credit for time served.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow

the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997) (collecting cases).

"[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255."



Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). Since the petitioner is seeking relief from his conviction and sentence, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. As stated in United States v. Morehead,:

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceedings that fits the description of § 2255 ¶ 1 is a motion under § 2255 . . . ." United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

United States v. Morehead, 2000 Westlaw 1788398 (N.D.Ill., Dec. 4, 2000).

Congress enacted § 2255 "[b]ecause pertinent court records and witnesses were located in the sentencing district [and it was] impractical to require these petitions to be filed in the district of confinement." Dumornay v. United States, 25 F.3d 1056 (Table), 1994 WL 170752 (10th Cir. 1994). Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy." Id. (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). Since relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention.' " Dumornay, 25 F.3d 1056 (citing Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), cert. denied, 377 U.S. 980 (1964)).

Petitioner argues that a Section 2255 motion is inadequate or ineffective to test the legality of his sentence because the time for filing such a motion has expired. The expiration of a time limit, however, is not sufficient to demonstrate that the § 2255 motion



was inadequate, or ineffective. See In re Vial, 115 F.3d 1192 (4th Cir. 1997) (remedy afforded by § 2255 is not rendered inadequate or ineffective because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion); Atehortua v. Kindt, 951 F.2d 126 (7th Cir. 1991) (petitioner who has failed to demonstrate that § 2255 motion is inadequate to test the legality of his detention is barred from filing a habeas petition under § 2241).

The United States Court of Appeals for the Fourth Circuit set forth the test to determine if a § 2255 motion would be inadequate or ineffective in In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). The Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34.

Petitioner fails to meet all the prongs of this test. Specifically, Petitioner has not established that, subsequent to his direct appeal, and after the time for him to file a Section 2255 motion had run, the substantive law had changed such that the conduct of which he was **convicted** has been deemed not to be criminal. Indeed, Petitioner clearly attacks his **sentence** in this Section 2241 Petition. "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008). Since the substantive law has not

changed such that Petitioner's conduct is now "deemed not to be criminal," as the second prong of the Jones test requires, this court does not have jurisdiction to entertain the petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

Furthermore, Petitioner seeks relief pursuant to the holding of our Court of Appeals in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*), which overruled United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). Simmons was a direct appeal, not a collateral attack. When overruling Harp, the Court of Appeals in Simmons held that, under North Carolina's statutory sentencing scheme, a defendant is convicted of a crime punishable by more than one year only if an offender with the same prior record level and convicted of similar aggravating factors could have received a sentence exceeding one year.

Simmons was decided on August 17, 2011. The United States Court of Appeals for the Fourth Circuit has **not** held that Simmons is retroactive. Moreover, the United States Supreme Court has **not** held that the holding in Carachuri–Rosendo v. Holder, 130 S.Ct. 2577 (2010), the case on which the holding in Simmons is based, is retroactive to cases on collateral review. In the absence of a clear determination by the Fourth Circuit that its opinion in Simmons should apply retroactively to persons whose convictions were final before Simmons was decided, the court cannot say that Petitioner is entitled to raise that case as a basis for his claim in this Petition.

In any event, even if the petitioner could avail himself of Section 2241, the petition would be dismissed because the petitioner has not exhausted his administrative remedies. With respect to his conviction, a remedy under 28 U.S.C. § 2241 could be sought only after

*PJG*

the petitioner has exhausted his administrative remedies.  See 28 C.F.R. §§ 542.10 through 542.16; see also Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court).  In the instant case, the petitioner has not established, or even alleged, that he has exhausted his administrative remedies.  Accordingly, the petition would be summarily dismissed in any event, without prejudice, so the petitioner could exhaust his administrative remedies.

Since the petitioner has not established that he has exhausted his administrative remedies, has not shown that the cases he cites for authority have been made retroactive to cases on collateral review, and has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence thereby allowing him to file a § 2241 petition, this matter must be dismissed.

**RECOMMENDATION**

Accordingly, the court recommends that the § 2241 petition in the above-captioned case be dismissed without prejudice and without requiring the respondents to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

_____
February 24, 2012                                        Paige J. Gossett
Columbia, South Carolina                       UNITED STATES MAGISTRATE JUDGE

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).